UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------)
                                                            )
In re                                                   )        Chapter 7
                                                     )
                                                     )        Case No. 07-11494 (REG)
                                                   )
WEN HUA XU,                      )
                                                 )
                                                 )
                           Debtor.      )
---------------------------------------------------------------)

**DECISION AND ORDER ON MOTION TO DISMISS**

       In this contested matter in the chapter 7 case of Wen Hua Xu, creditor 81 Baxter, LLC ("Baxter") moves for dismissal of the Debtor's petition pursuant to section 109(g)(1) of the Bankruptcy Code. This is the Debtor's second recent bankruptcy filing; a previous petition before Judge Drain was dismissed under section 707(a)(1), 36 days before the filing here. In that case, Judge Drain found as "cause" for dismissal that the Debtor and his wife failed to attend at least two section 341 meetings, failed to turnover requested documents to the chapter 7 trustee, and did not disclose assets and business interests on their schedules, so as to essentially stymie the trustee's ability to conduct the case. Baxter, the Debtor's former landlord and a judgment creditor from a 2005 New York state court proceeding, argues that the 180-day bar in section 109(g)(1) demands dismissal of the Debtor's petition here. The Court agrees.

       For the reasons set forth below, Baxter's motion to dismiss is granted. The following are the Court's findings of fact and conclusions of law in connection with this motion to dismiss.

Findings of Fact

Though the parties disagree on numerous factual contentions, mostly arising from their underlying landlord-tenant dispute, the facts necessary for the discreet issues presented here are undisputed.  The Debtor filed the instant petition on May 16, 2007; 36 days after his earlier chapter 7 case was dismissed by Judge Drain, by order dated April 10, 2007.[1]  In that order, attached as Exhibit A to Baxter's motion to dismiss, Judge Drain dismissed the case under section 707(a)(1), which provides for dismissal for "cause", for reasons Judge Drain stated on the record in a hearing held on April 10, 2007.   Those findings will not be repeated in their entirety here, but are incorporated by reference into this Decision.

In dismissing the predecessor case, Judge Drain noted several infirmities that constituted "cause" under section 707(a)(1)—clear misrepresentations in court filings, repeated failures to attend section 341 meetings, failures to produce business records and failures to fully and truthfully disclose assets and businesses held by the Debtor and his then co-debtor wife.[2]  In light of these factual findings, Judge Drain held that:

---

[1]  Mr. Xu and his wife, Ms. Shen, jointly filed the first bankruptcy petition.  Though many of Judge Drain's findings were directed seemingly only at Ms. Shen, the Court believes that the relevant misconduct is equally attributable to Mr. Xu.  As a co-debtor, Mr. Xu had an independent obligation to attend section 341 meetings and to fully and honestly disclose assets and business on the schedules and to the chapter 7 trustee.   As detailed by Judge Drain, both co-debtors failed to perform these obligations.  Mr. Xu thus disregarded his duties as a debtor irrespective of Ms. Shen's conduct.  Moreover, Judge Drain's reliance primarily on those comments made by Ms. Shen is understandable in light of the fact that Mr. Xu never testified at the only section 341 meeting he attended because of the absence of an interpreter.  Therefore, while Judge Drain did not base the dismissal explicitly on Mr. Xu's conduct, much of the relevant conduct can be attributed to Mr. Xu for the purposes of the discussion here.

[2]  *See* Tr. of Hrg. of April 10, 2007 at p. 34:
> I have considered the facts on the record here and in particular, in light of what appear to me to be clear misrepresentations by Ms. Shen, both in the state court, as well as at the sole Section 341 meeting that she attended in October with regard to the existence of a lease and, as importantly, the inference that may be drawn from that, which is that there was a business conducted that was not disclosed either, that Ms. Shen has been egregiously evasive with regard to her assets and sources

2

> Consequently, I believe this [is] one of those instances where, rather than put the trustee and/or creditors through the burden of seeking denial of discharge under section 727 for concealment of assets, the failure of the debtors to permit the trustee even to conduct an investigation to determine whether such an adversary proceeding would be appropriate[] justifies dismissal of the case, so I'll grant the trustee's motion and dismiss the case under 707(a)(1).[3]

The Debtor re-filed the disputed petition here, this time without his wife, 36 days later. Baxter moved for dismissal of the instant case on July 27, 2007 pursuant to section 109(g)(1). Both parties appeared at oral argument on August 16, 2007, at which time the Court invited Baxter, the moving party, to provide a supplemental legal brief on one of the issues raised at oral argument.[4] By letter dated August 31, 2007, Baxter informed the Court that it did not intend to provide such additional briefing and would thus rely only on its already submitted moving papers.

## Conclusions of Law

Section 109(g)(1) of the bankruptcy code provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –

---

> of income …. [T]he debtors have missed meetings in December and February, and Ms. Shen, as far as I can tell, has not been available for a meeting. The debtors have also not supplied information in respect of their business and I find it not credible that they would have tax returns for such a business, and would be able to provide substantial deposits and pay monthly rent in respect of a business without having any other business records for it.

[3] *Id.* at p. 35.
[4] *See* Tr. of Hrg. of August 16, 2007 at p. 22-23:
> THE COURT: All right. Mr. Tsang, I'm giving you two weeks to submit to me by letter or supplemental brief any authority for the proposition that a failure to show up at a 341 meeting is a violation of an order of the Court where the Court has not issued an express order to that effect.

3

>    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case….[5]

As discussed above, the Debtor's prior chapter 7 case before Judge Drain was dismissed within the 180 days preceding the instant filing; indeed the petition here was filed a mere 36 days after Judge Drain's dismissal order. The only remaining issue is whether the prior case was dismissed for one of the particular reasons set forth in subsection (g)(1).

For Section 109(g)(1) to apply, a debtor's predecessor case must be dismissed for "willful" conduct. Although the term "willful" is not defined in the Code, courts have interpreted it to mean deliberate or intentional, rather than accidental or that which is beyond the debtor's control. *See In re Herrera*, 194 B.R. 178, 188-189 (Bankr. N.D. Ill. 1996) ("'Willful' in this provision means deliberate."); *In re Pappalardo*, 109 B.R. 622, 625 (Bankr. S.D.N.Y. 1990) ("The term 'willful' as used within the meaning of 11 U.S.C. § 109(g)(1) means deliberate or intentional rather than accidental or beyond the debtor's control."); *In re Ellis*, 48 B.R. 178, 179 (Bankr. E.D.N.Y. 1985) ("Willful is generally used to describe conduct which is intentional, knowing and voluntary …. A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.'") (citations omitted). The Code does not specify *when* a finding of willful failure by the debtor is to be made by a bankruptcy court—*i.e.*, whether upon dismissal of the prior case or the filing of a subsequent case. However, contrary to the Debtor's assertions, the great majority of courts that have considered the issue have held that a court may make a

---

[5]    11 U.S.C. § 109(g)(1).

4

finding of willfulness when called upon to determine if the earlier case renders the debtor ineligible under § 109(g)—*i.e.* during the second bankruptcy case. *See In re Pike*, 258 B.R. 876, 882 (Bankr. S.D. Ohio 2001) (citing numerous cases where courts have made a finding of prior willful failure by the debtor in the subsequent bankruptcy case); *Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.2d 933, 942 (4th Cir. 1997) ("[A] finding [of a willful failure by the debtor] need not be made at the time of the earlier dismissal; it can be made when the bankruptcy court is later called upon to determine if § 109(g) bars a subsequent filing."); 2 L. King, *Collier on Bankruptcy* ¶ 109.08 (15th ed. 2007) ("The issue of whether a bankruptcy filing is barred by section 109(g) arises only if a second petition is filed within 180 days of an earlier dismissal. Normally, the court, in dismissing the first case, has no reason to determine whether the debtor's failure to appear or obey court orders was willful; therefore, the debtor usually is not put on notice that the court may consider the issue of willfulness at a dismissal hearing in the subsequent case."). This is consistent with the practice of this Court and thus it is hardly surprising that Judge Drain did not make explicit findings as to the willfulness of the Debtor's conduct in the prior case. Contrary to the Debtor's assertions, this does not preclude the Court's inquiry here.

There is no question that the Debtor's conduct before Judge Drain was "willful" as that word is defined by the relevant caselaw. Judge Drain found, and this Court accepts as true, that the Debtor failed to attend multiple section 341 meetings and failed to disclose assets and business interests on his schedules and to the chapter 7 trustee. The Debtor has not offered any credible explanation for these actions. Absent such an explanation, these acts are demonstrative of intentional conduct and the Debtor's

5

complete indifference to his known responsibilities. Moreover, courts routinely construe repeated failures to abide by statutory or judicial directives or to act with the appropriate diligence as supporting an inference of willful and deliberate conduct. *See Natoli v. Citibank, N.A.*, 1998 WL 273012, at *2 (E.D.N.Y. Jan. 9, 1998) ("[The debtor's] repeated misconduct supports an inference that his actions are willful."); *In re Nelkovski*, 46 B.R. 542, 544 (Bankr. N.D. Ill. 1985) ("[T]he court will construe repeated failure to appear or lack of diligence as willful conduct. Repeated conduct strengthens the inference that the conduct was deliberate."). The inference is particularly strong here in light of the Debtor's repetitive and flagrant disregard of several such directives.[6] Accordingly, the Court holds that the Debtor's repeated failure to follow proper procedure, disclose assets and diligently respond to the trustee's requests evidences deliberate and "willful" conduct as that term is used in section 109(g)(1).

The next issue is whether the other requirements in section 109(g)(1) have been satisfied. Section 109(g)(1) has two clauses, either of which may be used to invoke the section's 180-day bar. Pursuant to the first clause, the debtor's prior petition must have been dismissed for a willful failure "to abide by orders of the court". Here, the issue is whether attendance at section 341 meetings is mandated by a court order. Though not addressed by the movant, it appears that the majority of courts that have considered the question have found that attendance at section 341 meetings is mandated by court order, as that term is used in section 109(g)(1). *See In re Montogomery*, 37 F.3d 413, 414 (8th Cir. 1994) ("Failure to attend a creditors meeting is a failure to obey a court order within

---

[6] The Court notes in this regard that the Debtor was represented by counsel in the proceedings before Judge Drain. Courts, in the exercise of their discretion, will often permit consumer cases to proceed despite minor mistakes and mishaps where a pro se debtor experiences difficulty navigating the bankruptcy process. Here, however, the Debtor had legal counsel. The Debtor can thus not avail himself of such equitable discretion to avoid the consequences of his conduct.

6

the meaning of section 109(g)(1)."); *In re Pappalardo*, 109 B.R. at 625 ("Nonetheless, the notice issued by the court states that 'It is Ordered and Notice is Hereby Given' as to the time and place for the § 341(a) meeting and that 'The debtor shall appear in person at that time and place for the purpose of being examined.' If the debtor fails to appear at the § 341(a) meeting as ordered, the estate and its creditors will be hindered and the bankruptcy process will be frustrated. Hence, a debtor's failure to attend a § 341(a) meeting without justification amounts to a failure to abide by an order of the court."); *In re Arena*, 81 B.R. 851, 854-855 (Bankr. E.D. Pa. 1988) ("[A]ttendance at the hearing is necessary if the debtor is to complete all of the steps of a bankruptcy case, and hence it seems logical to consider non-attendance as a failure to abide by an order of court.").

As was the case in *Pappalardo*, the notice of the section 341 meeting scheduled in the Debtor's first case before Judge Drain stated, in italicized print, that *"[t]he debtor (both spouses in a joint case) must be present at the [341] meeting to be questioned under oath by the trustee and by creditors."* See Notice of Chapter 7 Bankruptcy Case at p. 2 (ECF #2 in Case No. 06-12165) (emphasis in original).  Though courts, including this one, generally do not issue explicit orders requiring attendance at a section 341(a) meeting, the language in the 341 meeting notice, sent by the Clerk of the Court, unambiguously demands the debtor's appearance at such meetings.  There is no question that the Debtor was thus put on notice that his attendance at the meeting was mandatory. In light of the language in the particular section 341 meeting notice used here and consistent with the majority rule cited above, the Court agrees that the Debtor's failure to appear at the section 341 meetings constitutes a failure to "abide by orders of the court"

7

as used in Section 109(g)(1).  Accordingly, all of the elements for dismissal under section 109(g)(1) have been satisfied.

Alternatively, dismissal here is similarly warranted under the second clause of section 109(g)(1).  That clause—willful failure "to appear before the court in proper prosecution of the case"—is not limited to a prior dismissal based merely on a debtor's failure to physical appear before the bankruptcy court.  Instead, courts have held that this section can apply to a debtor's willful failure to pay under a chapter 13 plan, *see In re Patel*, 48 B.R. 418, 419 (Bankr. M.D. Ala. 1985), and to a debtor's repeated failure to appear at section 341 meetings.  *See In re Herrera*, 194 B.R at 189 ("Willful failure 'to appear before the court in proper prosecution of the case' can also include … repeated failure to appear at § 341 meetings.") (citations omitted).  The focus of the second clause in section 109(g)(1) is not on any kind of physical appearance before the court; reading the clause in its entirety, the Court believes that its purpose and effect is to prohibit a second filing after an earlier case was dismissed because the debtor had not properly prosecuted it.  "Proper prosecution," in this context, must necessarily encompass, at the least, compliance with the statutory duties of a debtor.

The court in *In re King* reached a similar conclusion, holding that:

> In short, the § 109(g) phrase "willful failure of the debtor ... to appear before the court in proper prosecution of the case" includes willful and deliberate failure of debtors to perform their duties, whether in Chapter 11 to file schedules and Statement of Affairs, or in Chapter 13 to make Plan payments to the Trustee, or in any case to attend statutory meetings of creditors. The provision would not be the meaningful tool intended by Congress if "appear before the court" meant they could thumb their noses at their duties so long as they come into court on dates set. *In re King*, 126 B.R 781, 787 (Bankr. N.D. Ill. 1991).

8

As discussed above, in his predecessor case the Debtor failed to perform numerous duties imposed on all debtors, including attendance at section 341 meetings and accurately disclosing assets and liabilities on his schedules and to the chapter 7 trustee. The Court finds that this prior conduct would likewise warrant dismissal of the petition here under the second clause of section 109(g)(1) for willful failure "to appear before the court in proper prosecution of the case".

## Conclusion

For the reasons discussed above, Baxter's motion to dismiss pursuant to section 109(g)(1) is granted.

SO ORDERED

Dated: New York, New York            *s/ Robert E. Gerber*
      April 7, 2008                   United States Bankruptcy Judge